UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYVON L. BOATMAN,

Plaintiff,

v. Case No. 2:26-cv-1445-KCD-NPM

FLORIDA CIVIL COMMITMENT CENTER, et al.,

Defendants.
_______________________________/

**ORDER**

Plaintiff Rayvon L. Boatman, a civilly-committed resident of the Florida Civil Commitment Center (FCCC), filed a *pro se* civil rights complaint generally alleging that Defendants violated his civil rights. (Doc. 1.) He filed his complaint in the Tampa Division of this Court, but it was transferred to Fort Myers on April 30, 2026. (Doc. 2.) Boatman has also filed a "Motion for Order" that seeks to bring additional claims (Doc. 4), a "Motion to Amend" (Doc. 5), and a "Motion Filed by the Plaintiff" in which he seeks to transfer his case back to Tampa. (Doc. 6).

Upon review, the Court grants Boatman's motion to amend (Doc. 5), dismisses as moot his request to raise new claims (Doc. 4), and denies his request to transfer the case to Tampa (Doc. 6).

## I. Discussion

As an initial matter, the Court finds that District Judge Steven D. Merryday properly transferred Boatman's complaint to the Fort Myers division. (Doc. 2.) Although the transfer order erroneously labeled this case as a habeas petition, the alleged significant events giving rise to any claim occurred at the FCCC, which is within the Fort Myers division. *See* 28 U.S.C. § 1391(b)(2). Thus, Boatman's request to transfer this case to Tampa is denied.

Next, the Federal Rules of Civil Procedure provide that a plaintiff may amend his complaint without leave of court within 21 days after service or after receipt of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Here, Boatman seeks leave to amend (Doc. 5) and also attempts to raise additional claims by motion. (Doc. 4). But the complaint has not yet been served, and Boatman does not need permission to amend. Thus, he may file an amended complaint. However, when filing his amended complaint, he must consider the following:

### A. Boatman must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 10 requires that all averments of the claim "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that violate these rules—in letter or spirit—are often called "shotgun pleadings." *Weiland*

*v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints (such as this one) that are conclusory, vague, or "not obviously connected to any particular cause of action." *Id.* at 1322. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Boatman complains about his medical care, general conditions at the FCCC, and the denial of his grievances. But he does not explain how any defendant is responsible for a constitutional violation. Although the Court must liberally construe *pro se* pleadings, neither the Court nor the defendants are required to read between the lines to create an actionable complaint on Boatman's behalf. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]"); *Barmapov v. Amuial*, 986 F.3d 1321, 1328 (11th Cir. 2021) (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff.").

Even as a *pro se* litigant, Boatman must comply with minimal pleading standards. He must clearly describe how each defendant is involved in the alleged constitutional violations. Although (as noted) the complaint need not

set forth detailed factual allegations, the facts alleged by Boatman must contain sufficient allegations to show that the individual defendant personally participated in the alleged constitutional violation. *See*, *e.g*., *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). There is no vicarious liability for constitutional claims against individual government actors, and "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Finally, defendants who are named in the styling but not otherwise discussed in the body of the complaint will be dismissed from this action without further opportunity to amend.

**B. Unrelated claims belong in separate complaints.**

Boatman generally complains about his medical care but also alleges that conditions at the FCCC are unconstitutional, and in his motion to raise new claims, he speculates that FCCC employees may be interfering with his mail. (Doc. 4.) Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may not join unrelated claims and defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." And "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp*., 147 F. 3d 1334, 1337 n.6 (11th

Cir. 1998); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]"). Here, there may be a logical relationship between Boatman's claims, but it is not clear what those claims are or whether they are related.

### C. The state and its agencies are immune from suit for monetary damages.

Boatman names the Florida Department of Children and Family Services and the FCCC as defendants. But states and state agencies cannot be sued for monetary damages in federal court without consent under the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman*, 465 US. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought," and regardless of whether a plaintiff's claims are brought under federal or state law. *Id.*

Boatman explicitly seeks monetary damages. (Doc.1 at 22–23.) But without a waiver of sovereign immunity, these "claims for money damages against the Florida Department of Children and Families and its Secretary (in his official capacity) [are] barred by the Eleventh Amendment." *Freeze v. Sec'y, Dep't of Child. & Fams.*, 825 F. App'x 606, 609 (11th Cir. 2020).

## II. Conclusion

At bottom, the Court is unable to discern whether Boatman's alleged facts state, or could state, a claim. To the extent he wishes to do so—and can

comply with the applicable procedural rules and the orders of the court—Boatman may file an amended complaint. An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011).

Accordingly, it is **ORDERED**:

1. Boatman's motion to amend his complaint (Doc. 5) is **GRANTED.** Within **TWENTY-ONE (21) DAYS**, Boatman may file an amended complaint, in compliance with this Order. The **Clerk** is **DIRECTED** to send him a blank prisoner civil rights complaint form.[1]

2. Boatman's "Motion for Order" (Doc. 4) is **DENIED as moot.** His motion seeking a transfer to the Tampa Division (Doc. 6) is **DENIED.**

3. The full filing fee or motion to proceed *in forma pauperis* were due by May 2, 2026. Within **TWENTY-ONE (21) DAYS** from the date of this order, Boatman must either pay the $405 filing fee, file a motion to proceed as a pauper, or seek an extension of time to do so. Failure to fully comply will result in the dismissal of this case for failure to prosecute without further notice.

---

[1] The Court has generally found that Boatman's complaint is a shotgun pleading, and as written, it does not state a claim upon which relief may be granted. Accordingly, if he does not file an amended complaint within the time allotted, this case will be closed.

**ORDERED** in Fort Myers, Florida on July 27, 2026.

Kyle C. Dudek
United States District Judge